UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARLETA SIMPSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:15-cv-02009-TAB-WTL ) |
| CAROLYN W. COLVIN Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) ) ) |

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Plaintiff Marleta Simpson petitions the Court for attorney's fees under the Equal Access to Justice Act in the amount of $11,913 for 62.7 hours, calculated at an hourly rate of $190. The Commissioner agrees that Simpson's counsel is entitled to attorney's fees, but argues the amount requested is unjust. The Commissioner argues the Court should reduce the requested EAJA award by 15 hours and reduce the hourly rate by $8.18. For reasons explained below, Simpson's EAJA fee request is reasonable. Simpson's EAJA fee request [Filing No. 35] is granted.

**1. Simpson's attorney's time was reasonably expended**

The Commissioner argues that the 62.7 hours of attorney time billed is excessive given the routine nature of this case. The Commissioner contends that 32.8 hours spent preparing the opening brief and 15.5 hours preparing the reply brief is an abnormally large amount of time and asks the court to reduce the compensable number of hours spent on the briefs by 15 because the 62.7 hours expended fall outside the permissible range of Social Security fee awards.

The Commissioner relies on *Schulten v. Astrue*, No. 08 CV 1181, 2010 WL 2135474, at *6 (N.D. Ill. May 28, 2010), in which the Court found that 40-60 hours is generally the "permissible range" for attorney's work. However, *Schulten* does not stand for a 60-hour limit on reasonable attorney's fee awards. To illustrate this point, Simpson points to *Buis v. Colvin*, No. 1:13-CV-00878-RLY-MJD, 2015 WL 6393937, at *9 (S.D. Ind. Oct. 22, 2015), in which the Court found that 105.5 hours of attorney time expended was reasonable. In *Buis*, the Court held it was reasonable that the attorney spent 45.05 hours on the opening brief and 25 hours on the reply. *Id.* at *7-8.

The case law does not support reducing Simpson's requested fee simply because her attorney expended more than 60 hours. The Commissioner points to the "short" record on appeal of 683 pages, with only 324 pages of medical records to support her position that Simpson's attorney should not exceed 60 hours. However, 683 pages is not a small record considering "[t]he difficulty with social security appeals lies . . . in the application of the law to the facts." *Townsend v. Colvin*, No. 2:12-CV-516 PRC, 2014 WL 6617641, at *2 (N.D. Ind. Nov. 18, 2014) ("a 653-page administrative record is by no means short"). Simpson's attorney spent significant time combing through the medical record to bring evidence to the Court's attention. Simpson filed a 28-page brief, including 14 pages of facts and procedural history. Simpson used this context to raise five issues on appeal, resulting in the Court remanding the matter for further consideration. Furthermore, the Commissioner's argument that the issues are not complex fails to account for Simpson's burden of identifying evidence and arguments that support a finding of error. *See Hochgesang v. Colvin*, No. 1:14-CV-2044-DKL-RLY, 2015 WL 7288628, at *3 (S.D. Ind. Nov. 16, 2015) (holding a plaintiff did not have to remove arguments the Commissioner believed to be weaker). While 40-60 hours is a good rule of thumb, it is not conclusive. In this

case, Simpson's attorney expended a reasonable amount of time preparing and writing this appeal, which justifies an EAJA fee award of 62.7 hours.

**2. Simpson's attorney's billing rate should not be reduced**

The Commissioner argues that Simpson's attorney's hourly rate of $190 should be reduced by $8.18 to reflect the prevailing market rate. The Commissioner contends this reduction is necessary so that Simpson's attorney's hourly rate is in line with the midwest market rather than the national market. The Commissioner argues Simpson presents no evidence the national market more accurately reflects the prevailing rate. However, the Commissioner admits that courts have used both national and regional markets without clear preference for either. [Filing No. 37, at ECF p. 4.]

Simpson points to Seventh Circuit cases that resolve this issue using the national market. For example, in *Smith v. Colvin*, No. 1:12-CV-320, 2013 WL 6148100, at *2 (N.D. Ind. Nov. 22, 2013), the court chose the higher national rate because the Seventh Circuit has no preference, other nearby attorneys use the same calculation, and the different amount was relatively nominal. *Smith* is directly on point. Furthermore, Simpson submits the affidavit of an Indianapolis attorney familiar with Social Security who states that $190 is below the hourly rate charged by comparable attorneys in the Indianapolis area and consistent with similar EAJA requests. [Filing No. 35-3, at ECF p. 2.] The relatively nominal difference of $8.18 does not make this requested amount of $190 unreasonable. Moreover, Simpson's counsel has recently been awarded attorney's fees at a rate of $190 an hour in a similar case. *Auterson v. Colvin*, No. 2:15-cv-384-LJM-MJD (S.D. Ind. July 6, 2016). Accordingly, the EAJA award is based on the requested hourly rate of $190.

Simpson's petition for attorney's fees is therefore granted. [Filing No. 35.] Simpson's counsel is awarded $12,027[1] in attorney's fees, paid directly to counsel, within 70 days.

Date: 6/29/2017

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Catherine Seagle
SOCIAL SECURITY ADMINISTRATION
catherine.seagle@ssa.gov

Adriana Maria de la Torre
THE DE LA TORRE LAW OFFICE LLC
adriana@dltlawoffice.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov

---

[1] Simpson's petition originally requested $11,913 [Filing No. 35] but the Commissioner's challenge resulted in an additional 0.6 hours and $114 in fees. The EAJA fee award is thus increased to $12,027.